NOT DESIGNATED FOR PUBLICATION

No. 117,028

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
JOHN M. BAUER.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed March 2, 2018. Affirmed.

*Gerald E. Wells*, Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and BRUNS, JJ.

PER CURIAM: In order to commit someone as a sexually violent predator, the State must prove beyond a reasonable doubt: (1) the individual has been convicted of or charged with a sexually violent offense, (2) the individual suffers from a mental abnormality or personality disorder, (3) the individual is likely to commit repeat acts of sexual violence because of a mental abnormality or personality disorder, and (4) the individual has serious difficulty controlling his or her dangerous behavior. *In re Care & Treatment of Williams*, 292 Kan. 96, 106, 253 P.3d 327 (2011).

John M. Bauer appeals the district court's order involuntarily committing him to the state's sexually violent offender program. He challenges the sufficiency of the evidence in support of his commitment. Because we find that the evidence was sufficient

1

to find beyond a reasonable doubt that Bauer met the statutory criteria to be committed as a sexually violent predator, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Bauer was convicted in 1996 of multiple sexually violent offenses against six young boys, including six counts of aggravated criminal sodomy of a child less than 14 years of age and one count of aggravated indecent liberties with a child. He was in his early 40s at the time of the offenses. Approximately a month before his release from prison in 2012, the State filed a petition to commit Bauer as a sexually violent predator under Kansas law. A bench trial was held in May 2015, where the State and Bauer presented evidence.

The State called two expert witnesses. First, Dr. Jane Kohrs, a psychologist with Correct Care Solutions, who interviewed Bauer for an hour and a half. Second, Dr. Greg Shannon, a psychologist for the State Security Program at Larned State Hospital, who interviewed Bauer on seven occasions for a total of nearly six hours. Dr. Shannon also administered psychological testing to Bauer for almost two and a half hours. Dr. Kohrs and Dr. Shannon reviewed Bauer's court records, institutional files, and mental health treatment records. Dr. Kohrs' and Dr. Shannon's evaluations of Bauer were completed in 2012. Dr. Kohrs and Dr. Shannon both diagnosed Bauer with a mental abnormality: pedophilia, nonexclusive type and attracted to males, which is a lifelong diagnosis.

To be diagnosed with pedophilia under the Fourth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM), which was in use at the time Bauer was evaluated, an individual must: (1) have intense, recurring sexual fantasies, urges, or behaviors which have lasted for at least 6 months and involve a prepubescent individual, generally 13 years old or younger, (2) act on the urges, or the urges cause distress and

2

disruption of the individual's life, and (3) be at least 16 years old and at least 5 years older than the victim.

Testimony indicated that Bauer had sexual urges involving prepubescent boys and engaged in sexual behavior with prepubescent boys for more than six months. Bauer was around 43 years old when he committed the crimes. Bauer's expert witness, Dr. Robert Barnett, did not diagnose Bauer with pedophilia because he disagrees with the DSM's criteria for pedophilia.

Dr. Barnett acknowledged that Bauer met the criteria for pedophilia as defined by the DSM. However, in Dr. Barnett's clinical understanding, pedophilia requires a compulsive, and usually exclusive, interest in prepubescent children, which he did not believe Bauer exhibited. Dr. Barnett testified that "pedophilia is a compulsive disorder" and that pedophiles "have literally hundreds of victims." Dr. Barnett also testified that because some of Bauer's victims were likely postpubescent, Bauer was not a pedophile. Dr. Barnett based his diagnosis off two evaluations he completed of Bauer, one in 2012 and the other in 2014. As part of his evaluations Dr. Barnett reviewed the Larned State Security Hospital report, Dr. Shannon's report, and the complaint and affidavits of Bauer's original case. Dr. Barnett did not examine records from the Kansas Department of Corrections, Bauer's mental health treatment records, or Dr. Kohrs' report.

The State's experts also diagnosed Bauer with a dependent personality disorder with some characteristics of obsessive compulsive disorder and borderline personality disorder. Dr. Kohrs indicated that individuals with dependent personality disorder are overly dependent on others and would go to great lengths to obtain support from others. Further, they would "urgently seek a relationship and become very upset . . . when one breaks up." Dr. Shannon testified that an individual with a dependent personality disorder often seeks relationships with children where the individual can act as both an adult and a playmate. Dr. Barnett diagnosed Bauer with a personality disorder, not otherwise

3

specified, with dependent features. Dr. Barnett testified that he believed Bauer's prior offenses were a result of dependent personality features, as opposed to sexual motivation. Dr. Barnett also testified that he did not believe Bauer would have initiated the sexual behaviors on his own.

Bauer did not receive sex offender treatment while in prison due to Bauer's safety concerns, which were later found to be unsubstantiated. Dr. Kohrs and Dr. Shannon were concerned that Bauer lacked an appropriate relapse prevention plan to prevent reoffending. Dr. Barnett also acknowledged that Bauer's plan to not reoffend "was pretty marginal." Dr. Barnett seemed to believe that the time Bauer spent in prison, and Bauer's stated desire to not return to prison, was enough to stop him from reoffending. Dr. Barnett went on to state: "Mr. Bauer is perfectly capable of controlling his behavior. . . . Whether he chooses to do so remains to be seen." Dr. Barnett's belief is at least partially based on the idea that Bauer believes he was manipulated by his victims into engaging in sexual activity.

Bauer testified that at the time of the offenses he did not know it was wrong to have sexual contact with his victims. He then testified that he now knows that it is wrong because the law says that it is wrong and "nobody should be subject to having sex with another person if they don't want to." Bauer also testified that he believed he and his victims equally initiated the sexual activity.

Bauer's sister testified and indicated that Bauer could live with her if he was released on parole. Bauer's sister and brother testified that they would help make sure that Bauer did not reoffend.

The district court reviewed the evidence and ruled that the State had met its burden of proving that Bauer was a sexually violent predator under the Sexually Violent Predator Act. The district court did not find Dr. Barnett's testimony credible noting that he: did

not use the DSM, did not review earlier reports or examine criminal case documents or reports, and believed that Bauer was manipulated into the sexual acts. The district court also focused on Bauer's continued belief that he was not responsible for his actions.

Bauer timely appeals, arguing that there was insufficient evidence to support the district court's finding that he was a sexually violent predator.

ANALYSIS

Bauer argues that the district court erred in finding there was sufficient evidence to find beyond a reasonable doubt that Bauer was a sexually violent predator, as defined by K.S.A. 2017 Supp. 59-29a02.

When presented with a challenge to the sufficiency of the evidence, an appellate court must, after review of all the evidence, viewed in the light most favorable to the State, determine whether a reasonable fact-finder could have found the State met its burden to demonstrate beyond a reasonable doubt that the individual in question is a sexually violent predator. *In re Care and Treatment of Williams*, 292 Kan. at 104. The court will not "reweigh the evidence, pass on the credibility of witnesses, or resolve conflicts in the evidence." 292 Kan. at 104.

To establish that an individual is a sexually violent predator the State must prove beyond a reasonable doubt:

"(1) the individual has been convicted of or charged with a sexually violent offense, (2) the individual suffers from a mental abnormality or personality disorder, (3) the individual is likely to commit repeat acts of sexual violence because of a mental abnormality or personality disorder, and (4) the individual has serious difficulty controlling his or her dangerous behavior." 292 Kan. at 106.

5

Bauer does not address any individual element on appeal. Instead, he asserts that no reasonable fact-finder would credit the State's expert witnesses over his own expert. Specifically, Bauer argues that the district court ignored Dr. Barnett's testimony that an evaluation is only valid for one year and that Bauer did not have a high risk of reoffending.

As to the date of the evaluations, it is clear from a review of the record that the district court did not ignore Dr. Barnett's testimony that evaluations are valid for one year. The court specifically noted that Dr. Barnett's 2014 evaluation was the most recent. But the recentness of Dr. Barnett's examination did not overcome what the district court described as a "flawed" foundation. This court does not reweigh evidence or pass on the credibility of witnesses. 292 Kan. at 104. The district court was not unreasonable in finding the State's experts more credible than Bauer's expert.

As to the risk of reoffending, there was also sufficient evidence for a reasonable fact-finder to determine that Bauer was likely to commit repeat acts of sexual violence because of a mental abnormality or personality disorder. Dr. Kohrs and Dr. Shannon diagnosed Bauer with pedophilia, a lifelong diagnosis. Both of the State's experts concluded that Bauer was likely to commit repeat acts of sexual violence and that he had serious difficulty controlling his dangerous behavior.

Bauer argues that his stated desire to not return to prison and Dr. Barnett's testimony that such desire would be a strong enough deterrent to prevent reoffending should have been credited by the district court. However, Dr. Shannon clearly indicated in his testimony that an individual's statement of "'I'm not going back to prison'" is "not at all in touch with reality" and insufficient as a deterrent. The district court was not unreasonable in finding that Bauer was likely to reoffend if released on parole.

6

Overall, the record clearly indicates that the district court considered all of the evidence and testimony presented. It was reasonable for the district court to find the State's experts more credible than Bauer's. Given the evidence presented, in a light most favorable to the State, a reasonable fact-finder could have found beyond a reasonable doubt that Bauer was a sexually violent predator as defined by Kansas law.

Affirmed.